**ELBERT v. LUMBERMAN'S MUT. CAS. CO.**

No. 14353.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Rehearing Denied March 17, 1953.
See 202 F.2d 744.

John M. Madison and Whitfield Jack, Shreveport, La. (Wilkinson, Lewis & Wilkinson and Booth, Lockard & Jack, Shreveport, La., of counsel), for appellant.

H. Alva Brumfield, Jr., Baton Rouge, La., for amicus curiae.

Chas. L. Mayer, Shreveport, La. (Jackson, Mayer & Kennedy, Shreveport, La., of counsel), for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

PER CURIAM.

Brought under the provisions of LSA–Revised Statutes 22:655, the Louisiana Direct Action Statute, against the insurer in an automobile liability policy issued by it to one S. W. Bowen, and covering the members of his household, the suit was for damages sustained by plaintiff as the result of the alleged negligence of Mrs. Bowen, the driver of the car.

The defendant moved to dismiss the action on the ground that the complaint fails to state a claim against defendant upon which relief can be granted, and that there is no diversity of citizenship between the plaintiff and Mrs. Bowen, the real party in interest as defendant.

The district judge, in a detailed opinion,[1] fully discussing the reasons presented for and against the motion, and canvassing the applicable authorities, concluded, contrary to the contention of plaintiff, that the question presented for decision was not fore-

---

1. Elbert v. Lumbermen's Mutual Cas. Co., D.C., 107 F.Supp. 299. Cf. to the contrary Lewis v. Manufacturers Cas. Ins. Co., D.C., 107 F.Supp. 465.

closed by our cases[2] but was still open to him. So concluding, he sustained the motion and dismissed the action.

Plaintiff is here insisting that upon principle and authority, and particularly upon that of our cases cited in the note, the judgment was wrong and must be reversed.

We agree. The judgment is, therefore, reversed and the cause remanded for further and not inconsistent proceedings.

2. New Amsterdam Cas. Co. v. Soileau, 5 Cir., 167 F.2d 767, 6 A.L.R.2d 128; Fisher v. Home Indem. Co., 5 Cir., 198 F.2d 218; and Cushing v. Maryland Cas. Co., 5 Cir., 198 F.2d 536.